## BROWN v. CALLAWAY.

NEGOTIABLE PAPER:   *Bona fide holder as collateral :   Damages.*

A *bona fide* holder who at the time of making a loan receives negotiable paper as collateral security for the loan, or upon a new condsideration afterwards, is entitled to the protection of an indorsee; but when there are defenses to the note as against the transferrer, the holder can recover on it, not exceeding the amount of his loan note.

APPEAL from *Pulaski* Circuit Court.

Hon. J. W. MARTIN, Circuit Judge.

*N. & J. Erb* for appellant.

Several of the same series of notes as the one sued on had been declared void by the Pulaski circuit court, and said judgment was a bar to a recovery in this suit.

Appellee was only entitled to recover the amount due on the note to the party from whom he received it at the date of the trial.

The purchase of a franchise of a railroad at execution sale is void, and the conveyance so acquired is nullity. *Pierce on Railroads*, sec. ———.

*Collins & Balch* for appellee.

EAKIN, J.   Calloway, receiver in chancery, in a suit which had been instituted to subject the effects of the firm of Scarborough & Co., of which Sophia Reading was a member, to distribution amongst its creditors, came into possession of a promissory note for $500, executed by J. T. Brown, Jr., to Sophia Reading.  This note had been endorsed and placed in the hands of the Merchants National Bank as collateral security for a loan of $250, made by the bank to said firm.   The bank was a party to the creditors' suit in chancery, and was allowed to come in and participate in the general distribution of the effects, upon condition that it should bring into court its collateral security for the benefit of the fund.   To these terms it acceded, and received some *pro rata* dividends derived from other sources. The receiver afterwards, by order of the chancery court, brought this suit.

The defences were :   First, that the note to Sophia Reading was without consideration.   This was shown to the court, sitting both upon the facts and the law, by the record of a previous case between the maker and payee, in which it had been held that the same contract of sale upon which this note was founded was without consideration.   Of this ruling the appellant cannot complain.

Next it was pleaded that the bank had notice of the defect in the note when it took the same as collateral.   The evidence on this point was sufficient to support the finding

NEGOTIA-
BLE PAP-
ER:
*Bona fide*
holder as
collateral.

Brown v. Callaway.

of the judge, that the bank was a *bona fide* holder. Such a *bona fide* holder of paper taken as collateral at the time of the loan, or upon a new consideration afterwards, is, by all the authorities, held entitled to the protection of an endorsee. The only conflict of authority, and that is very great, arises in cases of paper taken as additional security for a pre-existing debt without new consideration. In this case the collateral was taken at the time of the loan.

Damages.    The receiver recovered, not the full amount of Brown's note, but the amount of the bank's note against the Scarborough firm, which Brown's note was given to secure. This was the correct ruling in the case of a *bona fide* holder of collaterals, subject to a good defense against the transferrer. The protection is only extended to him as far as his necessities require. See *Danl. on Neg. Inst.*, sec. 382, on p. 683, vol. 1.

It was contended that the dividends received by the bank, after the note passed to the receiver, should have been credited on the note. This cannot on principle be maintained. The note was in the control of a court of equity for the distribution of its proceeds. It had decided to marshal it. That is to say, to let in the bank upon the general fund, and subrogate the other creditors *pro rata* to the proceeds of the note. The note was in the hands of the receiver for that purpose, and the law court was bound in comity to lend its aid in the collection. It would defeat the object and purposes of the chancery court to allow a credit on the note of dividends paid to the bank out of the general fund. The note, no longer, after it went into the hands of the receiver, belonged to the bank. It belonged to the creditors as it was when the receiver took it, and should be collected to the full amount then due the bank, for distribution amongst all.

There is no error in the judgment.    Affirm.